CHAMBERS COPY
MANDATORY CHAMBER COPY

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JUNG JAE LEE,
Plaintiff,
vs.
FEDERAL STREET, L.A., LLC, et al.,
Defendants.

Case No. LA CV14 06264-CAS(SSx)
~~Honorable Christina A. Snyder~~

**PROTECTIVE ORDER**

**NOTE CHANGES MADE BY COURT**

Good cause appearing,

The Stipulation for Protective Order filed by the Parties on February 1, 2016, a copy of which is attached to this order as Exhibit "A" is hereby made the order of the Court.

IT IS SO ORDERED.

DATED: 2/9/16

HONOR~~ABLE CHRISTINA A. SNYDER~~
United States ~~District Court~~ Judge

Suzanne H. Segal
U.S. Magistrate Judge

All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

# Exhibit A

Thomas E. Lombardi, SBN: 177267
E-Mail: tlombardi@pldlawyers.com
Roland P. Reynolds, SBN 150864
E-Mail: rreynolds@pldlawyers.com
Vance A. Woodward, SBN: 231730
E-Mail: vwoodward@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Tel.: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendants TIVOLI SQUARE APARTMENTS, L.P., TIVOLI CAPITAL, INC., and MILAN PROPERTIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JUNG JAE LEE,

Plaintiff,

vs.

FEDERAL STREET, L.A., LLC, et al.,

Defendants.

Case No. LA CV14 06264-CAS(SSx)

Honorable Christina A. Snyder

**STIPULATION FOR PROTECTIVE ORDER**

The Parties in the above captioned action (the "Action") hereby stipulate and agree by and through their undersigned attorneys that the following terms shall govern the treatment of discovery materials:

**PURPOSES AND LIMITATIONS**

Discovery requests and subpoenas served in the Action may call for the production of trade secret or other confidential research, development, or commercial information; personally identifying Non-Party Consumer Information (as defined below) subject to the protection of the Gramm-Leach-Bliley Act and equivalent federal and state laws and regulations; or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting the Action is warranted. Accordingly, the

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

Parties hereby stipulate to the following Protective Order ("the Order") pursuant to Federal Rule of Civil Procedure 26(c). The Parties acknowledge that this Order does not confer blanket protections on all discovery. The Order incorporates the earlier stipulation of the parties regarding inadvertent production of privileged information entered into by the parties and is also intended to make that stipulation an order of the Court. Attached hereto as Exhibit "A" and incorporated herein by this reference is said stipulation.

**DEFINITIONS**

1. "Disclosing Party" shall refer to any Party or non-Party that delivers Discovery Material (as defined below) in the Action.

2. "Receiving Party" shall refer to any Party or non-Party that receives Discovery Material (as defined below) in the Action.

3. "Discovery Material" shall refer to all Documents produced in response to requests for production or subpoenas, testimony, exhibits, electronically stored information ("ESI"), responses to interrogatories, responses to requests for admission, and any other materials and information, except those that are publicly available, (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) produced by a Disclosing Party during discovery in the Action.

4. "Document" shall mean, without limitation, any written, typed, printed, recorded, or graphic material, however produced or reproduced, of any type or description, regardless of origin or location. This definition includes, without limitation, all memoranda, notes, interoffice and intra-office communications, telexes, annotations, working papers, drafts, telegrams, letters, e-mails, computer models, spreadsheets, data, reports, accounts, records, calendars, diaries, minutes, resolutions, contracts or other legal documents, insurance policies, telephonic or personal communications, tape recordings, electronic recordings, photographs, microfilm, film, stenographic notes, bulletins, notices, information stored on

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

computers in any form, including computer backup devices, and other data or information sources in any written, printed, or recorded matter of any character.

5. "FDIC as Receiver" shall mean the FDIC as Receiver for Broadway Bank, a non-party that has been served with a subpoena in the Action.

## CONFIDENTIALITY

6. This Order shall apply to and govern all Discovery Material that a Disclosing Party designates as "CONFIDENTIAL" during discovery. For the avoidance of doubt, nothing in this Order shall limit a Disclosing Party's use of its own "CONFIDENTIAL" Discovery Material.

7. A Disclosing Party (sometimes referred to herein as a "Designating Party") may designate as "CONFIDENTIAL" any document, material or information that the Disclosing Party believes in good faith is not known to the general public, including, but not limited to, (1) information concerning, relating, or reflecting existing trade secrets, proprietary business information, or other confidential research, design, development, financial or commercial information; (2) non-public personal information, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information; (3) documents or data that constitute "Consumer Reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a; (4) other sensitive personally identifiable information or other information for which applicable federal or state law requires confidential treatment; and (5) "Non-Party Consumer Information," which for purposes of this Order shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations, including, but not limited to, any portion of a mortgage loan file or other document that includes financial or credit information for any person (including any credit history, report, or score obtained on any such

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, social security number, loan number, telephone number, or place or position of work. Discovery Material that a Disclosing Party designates as "CONFIDENTIAL" during discovery in the Action is referred to as "Confidential Discovery Material."

8. A Disclosing Party shall designate material as "CONFIDENTIAL" only to the extent that it reasonably and in good faith believes that such material is in fact "CONFIDENTIAL". Subject to paragraph 13, the Receiving Party may challenge the designation of one or more documents on the grounds that it or they does not or do not qualify for protection, or does or do not qualify for the level of protection initially asserted.

9. Any defendant to whom material has been produced and any Party or non-party receiving any nonpublic material from a Disclosing Party, regardless of whether such material is designated as "CONFIDENTIAL" shall use that material solely for the purpose of conducting or participating in the Action and not for any other purpose whatsoever, including, without limitation, any business or commercial purpose, any purpose related to any other investigation or proceeding, or evaluation other potential claims unrelated to the causes of action and transaction at issue in the Action.

10. Except as otherwise specifically provided in this Order, and subject to any future orders of the Court, in the absence of express written permission from the Disclosing Party or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a. The named Parties in the Action, including their current officers, directors or employees, and the attorneys working on the Action on their behalf, including attorneys consulting with or advising them, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

under the direct supervision of such counsel;

b. Any expert or consultant who is expressly retained to assist in the Action, with disclosure only to the extent reasonably necessary to perform such work; *provided* that any part of a report created by such expert or consultant relying on or incorporating "CONFIDENTIAL" information in whole or in part shall be designated as "CONFIDENTIAL" by the Party responsible for its creation; and *provided further* that the experts or consultants may not use "CONFIDENTIAL" information to their competitive advantage or for any purpose that does not relate to the Action in which the information has been produced;

c. Any fact witness or potential fact witness (and counsel for such witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony in the Action, or the preparation of such testimony; *provided, however*, that any such individual (i) shall not retain any "CONFIDENTIAL" Discovery Material and (ii) shall be informed, prior to being shown "CONFIDENTIAL" Discovery Material that he/she is being shown such materials solely for use in the Action in which it was produced;

d. Any other person designated by written agreement of the Disclosing Party, or by order of the Court;

e. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings in the Action, including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

f. The Court and its personnel, including any appellate court in the Action, and any jurors in the Action;

g. Discovery masters, special masters, mediators, or other third

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel; and

h. An individual or entity who either prepared the document or is identified on the face of the document as an addressee or copy addressee.

11. Disclosing Parties shall designate "CONFIDENTIAL" Discovery Material as follows:

a. In the case of documents produced, interrogatory responses, responses to requests to admit, and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL" or prior to its production or disclosure to the Receiving Party. Electronically-stored information designated as "CONFIDENTIAL" shall be marked or stamped as "CONFIDENTIAL" or as appropriate, using means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp, where practicable.

b. "CONFIDENTIAL" Discovery Material may be used in depositions. All deposition Transcripts and related exhibits referencing "CONFIDENTIAL" Discovery Material shall be presumptively treated as Confidential Discovery Material subject to this Order.

12. Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" or entitled to confidential treatment. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated documents, materials or information as "CONFIDENTIAL contend that any delay by another party in objecting to the Designating Party's "CONFIDENTIAL" or designation (the "Challenging Party") in any way (a) lends support to the Designating Party's "CONFIDENTIAL" designation or (b) invalidates or diminishes in any way the Challenging Party's

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

challenge of the "CONFIDENTIAL" designation for any such materials or information. If any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the disclosing party in writing (the "Notice"). The Challenging Party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection. The Designating Party shall deliver to the Challenging Party's counsel, within seven (7) calendar days of receiving the Notice, a written response in which the Designating Party states its agreement or refusal to withdraw the challenged designation. If the Designating Party refuses to withdraw the challenged designation, then, within seven (7) calendar days of the receipt of the response, counsel for the Parties (and any non-party involved) shall hold ~~a meet-and-confer~~ to attempt to resolve the dispute following L.R. 37. (SHS) ~~If the dispute cannot be resolved, the Challenging Party may move the Court (or the discovery master, as applicable) for an order removing the challenged designation indicating the reasons why it believes those designations are inappropriate.~~

13. Absent express written permission from the Designating Party, any Party that seeks to file materials designated as "CONFIDENTIAL" must seek to file the materials under seal pursuant to the procedures set forth in the Local Rules of the Central District of California and the Chambers' Rules of Judge Christina A. Snyder.

14. As to use of Discovery Material designated as "CONFIDENTIAL" at hearings or at trial, the Parties agree to meet and confer concerning the procedure for the use of such material at hearings not fewer than fourteen (14) calendar days prior to any such hearing, and agree to meet and confer concerning the use of such material at trial not fewer than thirty (30) calendar days prior to trial.

15. Within sixty (60) calendar days of the final termination of the Action, including final appellate action or the expiration of time to appeal or seek further review, the Parties to the Action shall undertake reasonable efforts to see that all

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

Discovery Material designated as "CONFIDENTIAL" shall be destroyed.

16. This Order is without prejudice to the right of any Party or non-party to seek any other or different confidentiality arrangement or relief from the Court, on notice to all identifiable potentially affected disclosing Parties, from, or in addition to, any of the provisions contained herein.

17. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to all material shall be only as provided by the discovery rules and other applicable law.

18. Nothing in this Order shall be construed to limit in any way any Party or non- party that produces documents (each a "Disclosing Party"), any Receiving Party, or any other person from using its own documents; nor shall it affect any Disclosing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential or Highly Confidential Discovery Material.

**MISCELLANEOUS**

19. To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Consumer Information (hereinafter, "Non-Party Consumer Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Consumer Information Law requires a disclosing party, including third parties, to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Consumer Information, the Court finds that, in view of the protections provided for such information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Disclosing Party is exempted from obtaining a court-ordered

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Consumer Information. To the extent that any Non-Party Consumer Information Law requires that any person or entity be notified prior to disclosure of Non-Party Consumer Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, the Parties are explicitly prohibited from providing such notice; *provided, however*, that this Order shall not prohibit any Party from contacting any person or entity for any other purpose. Any Disclosing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Consumer Information Law.

20. Pursuant to Rule 502(d) of the Federal Rules of Evidence, no applicable attorney-client privilege, attorney work product, or any other applicable privilege or ground for withholding production is waived by production of documents or disclosure of information pursuant to this Stipulation and Protective Order, and FDIC as Receiver shall not have to meet the requirements of Rule 502(b)(1)-(3). Upon demand, the receiving party shall return any paper copies to the FDIC as Receiver and delete all electronic copies of the documents produced pursuant to this Order with respect to which FDIC as Receiver asserts a claim of privilege or other ground for withholding production. Similarly, each party has a duty to notify FDIC as Receiver if they reasonably believe that the documents produced by FDIC as Receiver contain information that may be protected by the attorney-client privilege, work-product doctrine or any other applicable privilege or ground for withholding production. Return of a document over which the FDIC as Receiver has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable. This paragraph

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

shall be interpreted to provide the FDIC as Receiver with the maximum protection available under Rule 502(d).

SO STIPULATED AND AGREED this 1st day of February 2016 by:

DATED: February1, 2016

LIM, RUGER & KIM, LLP
CHRISTOPHER KIM
MARK T. HANSEN
LISA J. YANG

By /s/ Mark T. Hansen
Mark T. Hansen
Attorneys for Plaintiff
Jung Jae Lee

DATED: February 1, 2016

VON BEHREN & HUNTER, LLP
ANDREW R. HUNTER

By /s/ Andrew R. Hunter
Andrew R. Hunter
Attorneys for Defendants
Federal Street L.A., LLC, Federal Street Corporation, The View Wilshire, LLC, JMCP Corp., JMCP, LLC, JMCP Manager, LLC, Michael C. Winter and Judi Fishman

DATED: February 1, 2016

PALMER, LOMBARDI & DONOHUE LLP
THOMAS E. LOMBARDI
ROLAND P. REYNOLDS
VANCE A. WOODWARD

By /s/ Thomas E. Lombardi
Thomas E. Lombardi
Attorneys for Defendant
TIVOLI SQUARE APARTMENTS, L.P., TIVOLI CAPITAL, INC., and MILAN PROPERTIES, LLC

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

# Exhibit A

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNG JAE LEE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL STREET, L.A., LLC, et al.,<br><br>Defendants. | Case No. LA CV14 06264-CAS (SSx)<br>[Honorable Christina A. Snyder]<br><br>**STIPULATION OF THE PARTIES REGARDING INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION** |

Pursuant to the May 4, 2015 Joint Report submitted by plaintiff Jung Jae Lee and defendants Federal Street L.A., LLC, Federal Street Corporation, Michael C. Winter, Judi Fishman, Tivoli Square Apartments, L.P., The View Wilshire, LLC and JMCP Corp. (hereinafter, collectively referred to as the "Parties"), the Parties agree to the following:

The Parties are willing to, and hereby do, enter into a mutually acceptable stipulation for dealing with the inadvertent production of information, both hard copy and electronically stored, which is claimed to be privileged or attorney work product.

This Stipulation provides that the inadvertent production, for any reason, of information claimed to be privileged or subject to protection from disclosure as attorney work product shall not constitute a waiver to a claim of the attorney-client privilege or any other privilege, or attorney work product.

If information claimed to be privileged or attorney work product is inadvertently produced during discovery, the party making the claim ("Producing Party") may notify any party that received the information ("Receiving Party") of the claim and the basis for it. After being notified, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.

In the event the Receiving Party objects to the claim of privilege and/or attorney work product, the Producing Party shall promptly move the Court for a determination of its claim of privilege and/or attorney work product, presenting the information to the Court under seal. The only issue before the Court shall be whether the information is actually privileged and/or attorney work product. The Producing Party shall bear the burden of proof with respect to establishing that the information is privileged or attorney work product.

In addition, in the event a party receives information that it believes may be privileged or subject to protection under the attorney work product doctrine, whether or not that party has received notice from the Disclosing Party as set forth above, the Receiving Party must immediately notify the Disclosing Party of the disclosure. In the event the Disclosing Party confirms that the information is privileged or subject to protection under the attorney work product doctrine, the Receiving Party must then use its best efforts to retrieve, return, or destroy all unauthorized copies of the privileged or protected information, and inform Disclosing Party when such copies have been disposed.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

The Parties hereby agree that a Receiving Party is barred from using the information contained in any privileged or protected document for any purpose in this litigation, and hereby specifically agree not to use any document that appears to be protected by the attorney-client privilege, even if not yet notified of the inadvertent disclosure by the Disclosing Party, for any purpose in the litigation until notifying/confirming with the Disclosing Party that it is not privileged.

Under no circumstances shall the inadvertent disclosure of the information result in the waiver of a claim of privilege or attorney work product by the Producing Party as to that information.

The provisions of this Stipulation are not deemed to prevent any party from seeking an order compelling production of any information, whether in hard copy or electronically stored, including information subject to the Stipulation, so long as the basis for such motion is not the inadvertent production of the information itself.

Finally, the Parties agree that this Stipulation shall apply to any new parties that are named as parties or joined in the action after the dates set forth below, and that are represented by current counsel.

IT IS SO STIPULATED.

DATED: ~~June~~ July 9, 2015

LIM, RUGER & KIM, LLP
CHRISTOPHER KIM
MARK T. HANSEN
LISA J. YANG

By: ____________________
Lisa J. Yang

Attorneys for Plaintiff
Jung Jae Lee

Case 2:14-cv-06264-CAS-SS Document 90 Filed 02/09/16 Page 18 of 18 Page ID #:2397

DATED: ~~June~~ July 9, 2015

VON BEHREN & HUNTER, LLP
ANDREW R. HUNTER

By: [signature]
Andrew R. Hunter

Attorneys for Defendants
Federal Street L.A., LLC;
Federal Street Corporation;
Michael C. Winter and Judi Fishman

DATED: ~~June~~ July 9, 2015

PALMER, LOMBARDI & DONOHUE LLP
THOMAS E. LOMBARDI
VANCE A. WOODWARD
HEATHER A. HICKMAN

By: [signature]
Thomas E. Lombardi

Attorneys for Defendant
TIVOLI SQUARE APARTMENTS, L.P.

DATED: ~~June~~ 7/9, 2015

LAW OFFICES OF RICHARD A. KOLBER
RICHARD A. KOLBER

By: [signature]
Richard A. Kolber

Attorneys for Defendants
The View Wilshire, LLC and
JMCP Corporation

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071