UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-06264-CAS(SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JUNG JAE LEE v. FEDERAL STREET L.A., LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Lisa Yang       Thomas Lombardi
                Andrew Hunter

**Proceedings:**   MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT (Dkt. 125, filed June 13, 2016)

## I.   INTRODUCTION & BACKGROUND

Plaintiff initiated this action on August 8, 2014.  Dkt. 1.  On July 17, 2015, plaintiff filed the operative First Amended Complaint in this action against defendants Federal Street L.A., LLC ("FSLA"); Federal Street Corporation; Michael C. Winter ("Winter"); Judi Fishman ("Fishman"); JMCP Corp.; The View Wilshire, LLC; Tivoli Square Apartments, L.P.; Tivoli Capital, Inc.; Milan Properties, LLC; JMCP, LCC; JMCP Manager, LLC; and Does 1 through 50 (collectively, "defendants").  Dkt. 58.  In the FAC, plaintiff asserts claims for: (1) breach of contract; (2) fraud—intentional misrepresentation; (3) fraud—false promise; (4) actual fraudulent transfer; (5) constructive fraudulent transfer; (6) constructive fraudulent transfer—insolvency; (7) violation of Cal. Bus. & Prof. Code § 17200 ("the UCL"); and (8) rescission and restitution.  Id.

In brief, plaintiff alleges that she entered into a Purchase and Sale Agreement ("the PSA") with defendant FSLA, under which FSLA agreed to sell her twenty-eight condominium units in a building owned by FSLA.  Plaintiff further alleges that, after FSLA failed to timely deliver these units, defendants Winter and Fishman falsely promised her that, so long as plaintiff did not rescind the PSA, FSLA would deliver her condominium units by December 31, 2011.  This promise was memorialized in an agreement referred to as the "Second Addendum."  Plaintiff contends that she honored the Second Addendum and did not rescind the PSA, but that FSLA and the other defendants never delivered her condominium units—nor had any intention of delivering her condominium units when they agreed to the Second Addendum.  Plaintiff now asserts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-06264-CAS(SSx) | Date | July 11, 2016 |
| Title | JUNG JAE LEE v. FEDERAL STREET L.A., LLC, ET AL. | | |

claims for, among other things, fraud and breach of contract against defendants FSLA, Winter, and Fishman.

In the instant motion, defendants Winter and Fishman seek leave to file a third party complaint against plaintiff's lawyers and agents who represented her in her transactions with FSLA and the other defendants. Dkt. 125. The Third Party Complaint contends that these lawyers and agents ("the Third Party defendants") deceived plaintiff and made false representations to Winter and Fishman in connection with the Second Addendum. As such, the Third Party Complaint seeks to hold the Third Party defendants partially or wholly liable for plaintiff's fraud claims against Winter and Fishman. On June 20, 2016, plaintiff filed an opposition to this motion, Dkt. 126, and on June 27, 2016, Winter and Fishman filed a reply, Dkt. 127. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The decision whether to implead a third party defendant is within the sound discretion of the district court." Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). Courts consider the following factors when ruling on a motion for leave to file a Third Party Complaint: (a) prejudice to the original plaintiff; (b) complication of issues at trial; (c) likelihood of trial delay; and (d) timeliness of the motion to implead. Green Valley Corp. v. Caldo Oil Co., 2011 WL 1465883, at *8 (N.D. Cal. Apr.18, 2011) (citations omitted).

## III. ANALYSIS

Defendants Winter and Fishman seek leave to file a third party complaint against Third Party defendants Eui Gwan Oh, Jin Young Lee, Sang Sook Lee, and Shannon Yang. Winter and Fishman contend that these Third Party defendants are responsible for all or part of plaintiff's promissory fraud claim against them. Nonetheless, the Court finds that the factors court's consider in ruling on a motion for leave to file a third party complaint do not support granting the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-06264-CAS(SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JUNG JAE LEE v. FEDERAL STREET L.A., LLC, ET AL. | | |

In particular, the Court finds that the instant motion is untimely. This action was initiated in August 2014 (nearly two years ago) and the deadline for defendants to file a motion for leave to file amended pleadings or to add partes was September 4, 2015 (nearly a year ago). Nonetheless, Winter and Fishman are only now seeking leave to file their third party complaint. See also Clear-View Tech, Inc. v. Rasnick, 2015 WL 1307112, at *4 (N.D. Cal. Mar. 23, 2015) (finding motion for leave to file third party complaint was untimely where motion was filed fifteen months after defendant's answer was filed). In their motion, Winter and Fishman's only justification for their delay is that they had anticipated that the Court would grant their motion for summary judgment, thus dismissing them from this case entirely. Winter and Fishman note that, at the hearing on their motion for summary judgment, the Court indicated that it was tentatively inclined to grant their motion for summary judgment. Nonetheless, the Court ultimately determined to deny Winter and Fishman's motion for summary judgment. Dkt. 114. Winter and Fishman state that, in reliance on the Court's tentative ruling, they elected not to file the instant motion and on that ground contend that the Court should not find their motion to be untimely. This argument is without merit. Winter and Fishman did not file their motion for summary judgment until January 22, 2016. Dkt. 76. By that time, the deadline to seek leave to file amended pleadings or to add parties had already passed. Moreover, defendants took the depositions of plaintiff and nearly all of the Third Party Defendants near the end of last year—i.e., before Fishman and Winter filed their motion for summary judgment. See Hunter Decl. ¶ 3. See also 6 Wright & Miller, Federal Practice & Procedure § 1454 (2016 3d ed.) ("a motion to bring in a third party may be denied . . . especially when . . . the movant cannot reasonably explain the delay [in bringing the motion]"). Moreover, the Court finds Winter and Fishman's reliance on the Court's tentative ruling misplaced. The Court's tentative ruling was just that—a *tentative* ruling. It was not a final ruling on Winter and Fishman's motion for summary judgment, nor was it intended to be interpreted as such. Accordingly, until the Court entered its final order neither party was entitled to assume that the Court would either grant or deny the motion for summary judgment.

In addition, the Court finds that permitting Winter and Fishman to file their third party complaint would unnecessarily complicate the issues presented in this action and likely delay the trial date. Trial is currently set for September 13, 2016 and the parties completed fact discovery on March 31, 2016. If the Court permits Winter and Fishman to add four additional defendants to this action, the parties will likely need to conduct additional discovery and motions practice regarding the conduct of those defendants. This, in turn, will likely require an extension of the trial date. The Court finds that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06264-CAS(SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JUNG JAE LEE v. FEDERAL STREET L.A., LLC, ET AL. | | |

would be imprudent, on the eve of trial, to inject an entirely new set of defendants, claims, and facts in this action. See also Zero Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 127 (C.D. Cal. 2008) (denying motion for leave to file third party complaint where discovery cut-off date had already passed and "permitting a third-party to now appear would require extending the discovery cut-off date, as well as delaying the trial.").

Finally, the Court finds that plaintiff would suffer prejudice if Winter and Fishman are permitted to file their third party complaint.  Plaintiff represents that she is an 80-year old woman who has previously suffered a stroke and has been diagnosed with dementia and Parkinson's disease.  As plaintiff notes, any delay in the trial would force plaintiff to risk further and serious deterioration to her health, as well as potentially her ability to attend trial in person.  Winter and Fishman argue that plaintiff will suffer no prejudice if they are permitted to file their third party complaint.  They argue that at the beginning of this action plaintiff's counsel took efforts to notice and take plaintiff's video deposition in the event she could not attend trial.  However, this does not change the fact that, with further delays, it becomes less likely that plaintiff will be able to attend trial in person.  And, in any event, the potential prejudice to plaintiff is not merely that she will be unable to attend trial; rather, this action has already been pending for nearly two years and plaintiff has a right to proceed to trial on her claims in a timely manner.

Accordingly, the Court finds that all of the factors courts consider in ruling on a motion for leave to file a third party complaint weigh against granting the instant motion. The Court, therefore, DENIES Winter and Fishman's motion.

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants Winter and Fishman's motion for leave to file a third party complaint.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |